UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
EDNA IGARTUA,

                    Plaintiff,

    -against-

DEPARTMENT OF SOCIAL SERVICES,

                    Defendant.
---------------------------------------------------------------X
EDNA IGARTUA,

                    Plaintiff,

    -against-

ADMINISTRATION OF CHILDREN SERVICES
and CHILD PROTECTIVE SERVICE,

                    Defendants.
---------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM
AND ORDER**

09-CV-4356 (ENV)

09-CV-5225 (ENV)

VITALIANO, United States District Judge:

*Pro se* plaintiff Edna Igartua filed the above-captioned complaints on September 28, 2009 and November 18, 2009.[1] Her requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted solely for the purpose of this Order. The Court dismisses both complaints and directs plaintiff to file a single Amended Complaint in accordance with this Order, within 30 days.

## BACKGROUND

Plaintiff's September 28, 2009 complaint and November 18, 2009 complaint each consists of a single page, handwritten on a sample form complaint. The September 28, 2009

---

[1] Prior to filing these actions, plaintiff filed another action in this Court, <u>Igartua v. Elmhurst Hospital D-11 Psychiatric Ward</u>, No. 09-CV-3287, in which she alleged that she was mistreated and her son was injured at the time of his birth. That case remains pending.

complaint names the "Department of Social Services" as the sole defendant, and the entire Statement of Claim reads: "Dates Sept 2, 3, 14. Dept. of Social Security [sic] had wrongfuly [sic] removed my son evoked [sic] parental custody of my son Elijah Jacob Igartua." The only remedy sought is damages of "$10,000,000 to $5,000,000." Complaint, Docket No. 09-CV-4356 (ENV). The November 18, 2009 complaint names the Administration of Children Services and Child Protective Service as defendants and alleges: "The judgement and action taken by these two agencies had [sic] violated my civil rights and denying me my right of request to have participation in my childrens [sic] lives." Complaint, Docket No. 09-CV-5225 (ENV). In the Remedy section, plaintiff writes "I request to have either a joint custody for one child or open adoption either way. Also to be reward [sic] a hundred million." Id.

## STANDARD OF REVIEW

In reviewing the complaints, the Court is mindful that plaintiff is proceeding *pro se* and that her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citation and quotation marks omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Because plaintiff is *pro se*, the complaints must be read liberally and interpreted as raising the strongest arguments they suggest. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of a complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint,

2

or any portion thereof, if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory" – that is, when it lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

## DISCUSSION

Liberally construing the minimal factual allegations in the two complaints, the allegation of wrongful removal of plaintiff's child or children may implicate a liberty interest protected by the Fourteenth Amendment that could be cognizable under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

"The liberty interest . . . of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville, 530 U.S. 57, 65 (2000); see also Kia P. v. McIntyre, 235 F.3d 749 (2d Cir. 2000) (the liberty interest of parent and child in continued care and companionship has both procedural as well as substantive elements). Generally, due process requires that a parent has a right to a hearing before he or she can be deprived of the custody of his or her children without consent.

3

See Stanley v. Illinois, 405 U.S. 645, 649 (1972). However, in emergency circumstances, a child may be taken into custody by the State without court authorization or parental consent. See Nicholson v. Scoppetta, 344 F.3d 154, 171 (2d Cir. 2003). Such an emergency removal must be followed by a prompt post-deprivation hearing. See Duchesne v. Sugarman, 566 F.2d 817, 826 (2d Cir. 1977) ("[I]n those 'extraordinary situations' where deprivation of a protected interest is permitted without prior process, the constitutional requirements of notice and an opportunity to be heard are not eliminated, but merely postponed.").

In these complaints, plaintiff alleges that government agencies wrongfully removed her son and prohibited her from participating in her children's lives. However, she has not identified the circumstances of her children's removal or alleged any specific facts to support a claim that she was deprived of her due process rights. Conclusory allegations of wrongful removal are insufficient to state a claim that defendants violated her constitutional rights.

## LEAVE TO AMEND

In light of plaintiff's *pro se* status, plaintiff is granted leave to amend these apparently related complaints by filing a single amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). If plaintiff elects to file an amended complaint, she must name the individual defendants who were involved and describe the circumstances of her children's removal and any court proceedings. Civil rights claims must be brought against the individual defendants responsible for the alleged deprivation of rights. A municipality may be held liable under § 1983 only to the extent that a municipal policy or custom caused the deprivation of the plaintiff's constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). The amended complaint must be captioned "Amended Complaint," and shall bear docket number 09-

4

CV-4356. It must be submitted to the Court within thirty (30) days from the date of this Order. All further proceedings shall be stayed for thirty (30) days. If plaintiff fails to comply with this Order within the time allowed, the cases will be dismissed.

## CONCLUSION

For the reasons described above, the complaints are both dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). However, plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint under docket number 09-CV-4356 (ENV), in accordance with the directives in this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If Plaintiff fails to amend the complaint within thirty (30) days as directed by this Order, judgment shall be entered dismissing plaintiff's complaints. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, NY
December 11, 2009

_____
ERIC N. VITALIANO
United States District Judge